**UNITED STATES of America,
Plaintiff–Respondent,**

v.

**Sanford ATKIN, Defendant–Movant.**

**No. 1:94–CR–378.
No. 1:98–CV–366.**

United States District Court,
N.D. Ohio,
Eastern Division.

Jan. 7, 2000.

Gordon S. Friedman, Friedman & Gilbert, Cleveland, OH, Raymond V. Vasvari, American Civil Liberties Union of Ohio Foundation, Inc., Cleveland, OH, for Sanford I Atkin, defendant.

Sanford I Atkin, Akron, OH, petitioner pro se.

Craig S. Morford, Herbert J. Villa, Office of the U.S. Attorney, Cleveland, OH, for United States of America, respondent.

## MEMORANDUM OF LAW

GWIN, District Judge.

On February 12, 1998, Defendant–Movant Sanford Atkin moved the Court, *pro se*, for an order under 28 U.S.C. § 2255 either vacating, setting aside, or correcting his criminal sentence [Doc. 213]. In addition, Atkin asks the Court to reconsider an order denying his request for discovery with regard to his § 2255 motion [Doc. 260]. Finally, Atkin seeks immediate release from his detention during the pendency of this proceeding [Doc. 261].

As discussed more fully below, the Court finds that Atkin is not entitled to relief under § 2255, discovery, or immediate release.

### I. Background

In November 1994, a federal grand jury returned a twenty-nine count indictment against Defendant–Movant Atkin. The indictment charged Atkin with soliciting and

receiving $550,000 from a defendant in a federal criminal trial by falsely representing that he would use the funds to bribe the federal judge presiding over the trial. The specific counts in the indictment ranged from obstruction of justice to income tax evasion.[1]

In June 1995, a jury convicted Atkin on twenty-eight of the twenty-nine counts in the indictment.[2] Thereafter, Atkin began serving a sixty-three month prison sentence in federal prison.

In September 1995, Atkin appealed his conviction to the United States Court of Appeals for the Sixth Circuit. In 1997, the Sixth Circuit affirmed Atkin's conviction.

Atkin now seeks collateral review of his conviction under 28 U.S.C. § 2255. Essentially, Atkin argues that his conviction should be set aside because his trial attorneys represented him ineffectively. This ineffective assistance of counsel, according to Atkin, violated his right to counsel as provided by the Sixth Amendment of the United States Constitution.

Atkin also seeks the Court's reconsideration of an order denying discovery with regard to one of the grounds for relief asserted in his § 2255 motion. Further, Atkin asks the Court to order his immediate release during the pendency of this proceeding.

## II. Discussion

### A. Motion for Relief under 28 U.S.C. § 2255

#### 1. Standard for Relief

■ Relief under 28 U.S.C. § 2255 is available to any federal prisoner serving under a sentence imposed in violation of the United States Constitution. However, when a movant fails to object to an alleged constitutional error at trial and on direct appeal, more than a mere constitutional defect must be shown to receive relief. Rather, the movant must show both "(1) 'cause' excusing his double procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains." *United States v. Frady*, 456 U.S. 152, 167, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982).

In this case, Defendant–Movant Atkin failed to raise an objection concerning his alleged ineffective trial representation either during trial or in his direct appeal. As a result, Atkin must show both cause and actual prejudice to receive relief under § 2255.

#### 2. Cause

As noted, Atkin must show cause for his failure to raise his constitutional claim during trial or on direct appeal. However, Atkin offers no explanation for his procedural default. Indeed, the term "cause" appears nowhere in Atkin's § 2255 motion.

■ While the Court will generally construe the pleadings of a *pro se* petitioner liberally, such leniency seems hardly warranted in this case: Atkin is a former attorney with more than twenty-seven years of experience in the area of criminal defense. Yet, even under the most liberal construction, Atkin's motion fails to offer any explanation for his procedural default.[3]

Lacking any cause for his default, Atkin is not entitled to relief under § 2255.

---

1. Counts 1 and 2 charged Atkin with obstructing justice; Counts 3 through 9 charged Atkin with interstate transportation of property obtained by fraud; Counts 10 through 20 charged Atkin with engaging in monetary transactions with criminally derived funds; Count 21 charged Atkin with witness tampering; Counts 22 through 25 charged Atkin with income tax evasion; and Counts 26 through 29 charged Atkin with filing false income tax returns.

2. Atkin was acquitted of witness tampering.

3. Though he never expressly makes such an argument, Atkin may implicitly suggest that alleged conflicts of interest among his attorneys prevented him from raising his constitutional claim prior to his § 2255 motion. However, Atkin alleges only that his trial attorneys had conflicts of interest. At no point does Atkin claim that his appellate lawyer labored under a conflict of interest. Any alleged conflict of interest among Atkin's trial attorneys does not explain why he did not raise an ineffective assistance of counsel claim on direct appeal.

### 3. Actual Prejudice

Moreover, even if Atkin had demonstrated cause for his default, he would nevertheless fail to establish a right to relief under § 2255. Specifically, Atkin fails to show that his attorneys represented him ineffectively, yet alone that such ineffective representation resulted in actual prejudice.

#### a. Grounds One and Nine

■ Atkin's first ground for relief states that his trial attorneys rendered ineffective assistance of counsel in that they represented him despite having conflicts of interest. To establish an ineffective assistance of counsel claim based on a conflict of interest, a movant must demonstrate (1) the existence of an actual conflict of interest and (2) that the conflict adversely affected the movant's defense. *See Strickland v. Washington,* 466 U.S. 668, 692, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Atkin contends that his trial attorneys had conflicting interests while representing him during his criminal trial. First, Atkin says that two of his trial attorneys, Leonard Yelsky and Angelo Lonardo, had a conflict of interest because they testified before the grand jury that indicted him. However, Atkin expressly waived any potential conflict of interest created by Yelsky and Lonardo's grand jury testimony.

Specifically, prior to Atkin's trial, Plaintiff–Respondent United States filed a motion with the district court urging either the recusal of Yelsky and Lonardo or a hearing to determine whether Atkin could properly waive any potential conflicts of interest. In its motion, the United States explained that Yelsky and Lonardo had testified as fact witnesses before the grand jury that indicted Atkin. With full knowledge of this potential conflict, Atkin informed the district court that he did not perceive any conflict of interest, and that if any such conflict did exist, he agreed to waive it. Asked if he had any reservations

regarding this waiver, Atkin responded "absolutely not."

■ Second, Atkin says that Yelsky had an undisclosed conflict of interest while representing Atkin at trial, because his property was subject to several outstanding tax liens held by the United States. However, Atkin provides no legal authority for his suggestion that a defense attorney has an actual conflict of interest anytime his property is subject to a government tax lien. The Court finds no reason to countenance such a novel suggestion in this case.

■ Finally, Atkin says that his trial attorneys had a conflict of interest because the United States chose not to seek forfeiture of the funds Atkin used to pay their fees. Once again, Atkin neither cites any authority nor offers any persuasive argument for the proposition that a conflict of interest is created when the United States allows a criminal defendant to pay his attorneys.

Even if he had established that his attorneys acted with a conflict of interest, Atkin has not shown that these conflicts adversely affected his representation. Atkin apparently suggests that his remaining allegations of ineffective representation constitute the adverse effect of the alleged conflicts of interest. However, as discussed more fully below, these allegations are either too vague to evaluate or simply unmeritorious.[4]

#### b. Grounds Two and Three

■ Atkin next argues that his trial attorneys acted ineffectively in failing to object to certain testimony prior to trial. When a conflict of interest is not alleged, a movant can establish a claim for ineffective assistance of counsel only by showing (1) that counsel "made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment," and (2) that these "errors

---

**4.** Moreover, the Court notes that the conflicts of interest alleged by Atkin relate predominately to Yelsky, and to a lesser extent Lonardo. Thus, Atkin's third trial attorney, Harold Wonnell, and Atkin himself, a former criminal lawyer, could have presumably prevented the alleged conflicts from hampering Atkin's defense.

were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland,* 466 U.S. at 687, 104 S.Ct. 2052.

■ First, Atkin says that his trial counsel erred in failing to object to certain expert testimony offered by the United States. Atkin says the expert authenticated certain audio tapes without the qualifications to do so.

In making this argument, Atkin does not provide the identity of the expert whose testimony he finds objectionable. Nor does Atkin explain why this phantom expert was unqualified to authenticate the audio tapes in question. Without so doing, Atkin cannot show that his attorneys' failure to object to the expert's testimony represents an abdication of their role as counsel. Moreover, Atkin does not suggest, much less demonstrate, that the failure to object to this testimony rendered his trial unfair.

■ Second, Atkin says that his trial counsel erred in failing to object to the testimony of Sidney Weiss, a witness during Atkin's criminal trial. Atkin states that Weiss offered hearsay testimony during his direct examination by the United States. According to Atkin, the United States elicited such testimony without laying the proper foundation under the hearsay exemption for the statements of a coconspirator. *See* FED.R.EVID. 801(d)(2)(E).

Again, Atkin fails to demonstrate how his attorneys' failure to object to Weiss's testimony represents a serious error that rendered the results of his criminal trial unreliable. Without making such a showing, Atkin cannot establish an ineffective assistance of counsel claim.

c. Grounds Four, Five, and Six

■ For his fourth, fifth, and sixth grounds for relief, Atkin says his attorneys erred by failing to object to several statements by the United States during its closing argument at Atkin's criminal trial. First, Atkin says his attorneys should have objected when the United States stated that it "has never asked any Judge to do

anything for Reuban Sturman." Atkin argues that Sturman, who testified against Atkin at his trial, had received immunity for his testimony. The United States' statement, according to Atkin, gave the false impression that Sturman had received nothing in exchange for his testimony.

However, Atkin cannot demonstrate that his attorneys' failure to object to this comment rendered his trial unfair. The district court, *sua sponte,* informed the jury that the United States' statement went beyond Sturman's testimony and should therefore be disregarded.

■ Second, Atkin says his attorneys erred when they failed to object to the United States' statement drawing attention to Atkin's failure to call a particular witness. Atkin says this statement was improper because he was under no compulsion to call any witness.

However, the United States' comment was merely a rebuttal to an observation Atkin's counsel had made during his closing argument. In particular, Atkin's counsel had highlighted the United States' failure to call a potentially material witness. On its closing argument, the United States simply noted that Atkin could have called the witness as well. That Atkin's attorneys did not object to this statement is thus understandable: the statement was proper.

■ Finally, Atkin claims that his attorneys should have objected when the United States reminded the jury that it had heard testimony regarding Atkin's ethical lapses. Atkin says that this statement gave the jury the false impression that these ethical lapses related to the conduct for which Atkin was being tried.

Regardless as to whether the United States' comment was improper, Atkin's attorneys' failure to object to the somewhat ambiguous reference to Atkin's ethical lapses does not represent a serious error. Moreover, that some jurors may have not fully understood the nature of the United

States' comment does not lead to the conclusion that the jury's verdict, though supported by substantial evidence, is unreliable.

### d. Grounds Seven and Eight

For his seventh and eighth grounds for relief, Atkin says that his attorneys should have objected to certain aspects of the jury instructions given in his criminal trial. Specifically, Atkin says his attorneys erred "in failing to object to the jury charge as to deliberate ignorance" and "in failing to object to the jury charge of money laundering i.e. 'cause the money to be transported' [sic] as the movant only received the money." The quoted language represents the entirety of Atkin's arguments with respect to these grounds for relief.

Rule 2 of the Rules Governing Section 2255 Proceedings for the United States District Courts provides that a movant under § 2255 must set forth facts supporting each of the grounds specified in a motion for relief. However, Atkin has not articulated any comprehensible factual argument with regard to his seventh and eighth grounds for relief. Atkin's single-sentence allegations do not persuade the Court that his attorneys committed errors sufficient to render his trial unfair.

As discussed above, even if he did show cause for his procedural default, Atkin is not entitled to relief under § 2255. Accordingly, the Court denies Atkin's motion for relief.

### B. Motion for Reconsideration of Order Denying Discovery

Defendant–Movant Atkin says he is entitled to discovery before the Court renders a decision with regard to his motion for relief under 28 U.S.C. § 2255. Before he recused himself from this case, Judge David Dowd of the United States District Court for the Northern District of Ohio denied Atkin's motion for discovery. Atkin now asks this Court to reconsider Judge Dowd's order.

 Atkin bases his request on Rule 60(b)(6) of the Federal Rules of Civil Procedure. Rule 60(b)(6) allows a federal court to grant relief from a final order for any reason justifying relief, other than those expressly enumerated in the Rule. The Rule is a "catch-all provision" that should be granted only when the movant demonstrates "extraordinary circumstances." *United States v. Universal Management Services, Inc.*, 191 F.3d 750, 757 (6th Cir.1999), citing *Liljeberg v. Health Services Acquisition, Corp.*, 486 U.S. 847, 863–64, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988).

Here, Atkin apparently claims that Judge Dowd's recusal from this matter represents an "extraordinary circumstance" that entitles him to relief from the denial of his motion for discovery. However, Atkin neither provides any argument nor cites any legal authority in support of this proposition. Nevertheless, even assuming he is entitled to relief under Rule 60(b)(6), Atkin is not entitled to discovery with regard to his § 2255 motion.

 Unlike a typical civil litigant, a movant seeking relief under § 2255 "is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904, 117 S.Ct. 1793, 138 L.Ed.2d 97 (1997). Rather, a movant may "invoke the processes of discovery under the Federal Rules of Civil Procedure if, and to the extent, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise." Rule 6(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts. To show "good cause," a movant must present specific allegations which give reason to believe that the movant may, if the facts are fully developed, be able to demonstrate that he is entitled to relief. *See Lynott v. Story*, 929 F.2d 228, 232 (6th Cir.1991).

Here, Atkin seeks discovery to further explore his claim that one of his trial attorneys, Leonard Yelsky, labored under an undisclosed conflict of interest arising from several outstanding tax liens on his property. However, to prevail on this claim, Atkin must first show cause for why he did

not raise this argument either during trial or on direct appeal. Atkin has not done so. Thus, even if the facts regarding this allegation were fully developed, Atkin's procedural default would bar relief.

Even putting aside the procedural default, the Court is not convinced that Atkin could prevail on this claim after discovery. Atkin can establish an ineffective representation claim only by showing that Yelsky had an actual conflict of interest and that the conflict adversely affected Atkin's defense. However, as the Court explained with regard to Atkin's § 2255 motion, Atkin provides no legal support for his claim that an attorney with a tax lien on his property is subject to a conflict of interest. Further, Atkin has not shown any adverse affect on his defense.

Based on the foregoing, the Court finds no reason to delay its decision on Atkin's § 2255 motion for the purpose of allowing him to conduct discovery.

III. Motion for Immediate Release

Defendant–Movant Atkin seeks immediate release from his detention during the pendency of this proceeding. Because the Court has denied his motion for relief under 28 U.S.C. § 2255, Atkin's motion for immediate release is moot. Accordingly, the Court denies Atkin's motion for release.

IV. Conclusion

For the reasons set forth above, the Court denies Defendant–Movant Atkin's request for relief under 28 U.S.C. § 2255. Further, the Court denies Atkin's motion for reconsideration of the order denying him leave to conduct discovery. Having so found, the Court denies Atkin's motion for immediate release as moot.

IT IS SO ORDERED.

ORDER

The Court has entered its opinion in the above-captioned case. For the reasons set forth therein, the Court denies Defendant–Movant Atkin's request for relief under 28 U.S.C. § 2255. The Court finds no reason to delay this decision to allow Atkin to conduct discovery. Having so found, the Court denies Atkin's motion for immediate release as moot.

This action is hereby terminated pursuant to Federal Rule of Civil Procedure 58.

IT IS SO ORDERED.